JAN P. WEIR, State Bar No. 106652
(jweir@sycr.com)
STRADLING YOCCA CARLSON & RAUTH
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone: (949) 725-4000
Facsimile: (949) 725-4100

EDWARD R. NELSON, III
(enelson@nbclaw.com)
NELSON BUMGARDNER CASTO, P.C.
5601 Bridge Street, Suite 300
Fort Worth, Texas 76112
Telephone: (817) 377-9111
Facsimile: (817) 337-3485

DAVID SKEELS
(skeels@fsclaw.com)
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200'
Fort Worth, Texas 76102
Telephone: (817) 574-7033
Facsimile: (817) 334-0401

Attorneys for Defendants
SCREENTONE SYSTEMS CORPORATION,
ACACIA PATENT ACQUISITION
CORPORATION, ACACIA RESEARCH
CORPORATION, and PAUL S. SNYPP

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| KONICA MINOLTA BUSINESS SOLUTIONS, U.S.A., INC., <br><br> Plaintiff, <br><br> vs. <br><br> SCREENTONE SYSTEMS CORP., a Delaware corporation; ACACIA PATENT ACQUISITION CORPORATION; ACACIA RESEARCH CORPORATION, a Delaware corporation; and PAUL S. SNYPP, <br><br> Defendants. | CASE NO. 8:08-cv-00407-CJC (ANx) <br><br> The Honorable Cormac J. Carney <br><br> **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO KONICA MINOLTA BUSINESS SOLUTIONS U.S.A., INC'S COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

-1-

Defendants Screentone Systems Corporation, Acacia Patent Acquisition Corporation, Acacia Research Corporation, and Paul S. Snypp (collectively "Defendants") hereby file their Answer, Affirmative Defenses and Counterclaim to Plaintiff Konica Minolta Business Solutions USA, Inc.'s Complaint ("Complaint") as follows:

## ANSWER TO PLAINTIFF'S COMPLAINT

## NATURE OF THE ACTION

1. Defendants admit that Plaintiff purports to bring claims for declaratory relief under 28 U.S.C. §§2201-2202, but deny the merits of such claims. Except as so admitted, the allegations in paragraph 1 are denied.

## THE PARTIES

**A. The Plaintiff**

2. The allegations in paragraph 2 are admitted upon information and belief.

**B. The Defendants**

3. Defendants admit that Screentone Systems Corporation is a Delaware corporation with a principal place of business in Newport Beach, California. Defendants admit that Screentone Systems Corporation filed a patent infringement lawsuit in the Eastern District of Texas on August 8, 2007 and that the lawsuit names another Konica Minolta entity and others as defendants. Defendants admit that the lawsuit alleges that the Konica Minolta entity, among others, infringes the '809 patent. Except as so admitted, the allegations in paragraph 3 are denied on the ground that the Texas complaint speaks for itself.

4. The allegations in paragraph 4 are admitted.

5. The allegations in paragraph 5 are admitted.

6. Defendants admit that Acacia Patent Acquisition LLC is a wholly owned subsidiary of Acacia Research Corporation. Defendants further admit that

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-2-

ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

DOCSOC/1287423v1/101022-0006

Screentone Systems Corporation is a wholly-owned subsidiary of Acacia Patent Acquisition LLC. Except as so admitted, the allegations in paragraph 6 are denied.

7. The allegations in paragraph 7 are admitted.

## JURISDICTION AND VENUE

8. Defendants admit that Plaintiff purports to bring claims for declaratory relief under 28 U.S.C. §§2201-2202, but deny the merits of such claims. Except as so admitted, the allegations in paragraph 8 are denied.

9. Because of the ambiguity of the allegation, Defendants lack sufficient information to admit or deny the allegations concerning the substance of the alleged letter. The allegations are further denied on the ground that any alleged letter speaks for itself. Except as so stated, the allegations in paragraph 9 are denied.

10. Because of the ambiguity of the allegation, Defendants lack sufficient information to admit or deny the allegations concerning the substance of the alleged letter. The allegations are further denied on the ground that any alleged letter or assignment speaks for itself. Except as so stated, the allegations in paragraph 10 are denied.

11. The allegations in paragraph 11 are denied on the ground that the alleged assignment speaks for itself.

12. The allegations in paragraph 12 are denied on the ground that the alleged assignment speaks for itself.

13. Defendants admit that there is an actual controversy between Plaintiff and Defendants concerning Plaintiff's infringement of the '809 patent. Except as so admitted, the allegations in paragraph 13 are denied.

14. The allegations in paragraph 14 are denied.

15. The allegations in paragraph 15 are denied.

16. The allegations of Paragraph 16 are denied.

Stradling Yocca
Carlson & Rauth
Lawyers
Newport Beach

-3-

ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

DOCSOC/1287423v1/101022-0006

1  17.  Defendants admit that venue is proper in this district with respect to Acacia Research and Acacia Patent. Except as so admitted, the allegations of Paragraph 17 are denied.

## FACTS

18.  The allegations in paragraph 18 are denied on the ground that the '809 patent speaks for itself.

19.  The allegations in paragraph 19 are denied on the ground that the '809 patent and the records of the United States Patent and Trademark Office speak for themselves.

20.  Defendants admit that Screentone Systems Corporation filed a patent infringement lawsuit in the Eastern District of Texas on August 8, 2007, and that Screentone Systems Corporation is the owner of the '809 patent with the exclusive right to enforce the '809 patent against infringers and collect damages for all relevant times. Except as so admitted, the allegations in paragraph 20 are denied on the ground that the complaint speaks for itself.

21.  The allegations in paragraph 21 are denied on the ground that the referenced assignment and records of the United States Patent and Trademark Office speak for themselves.

22.  The allegations in paragraph 22 are denied on the ground that the referenced assignment and records of the United States Patent and Trademark Office speak for themselves.

23.  The allegations in paragraph 23 are denied on the ground that the records of the United States Patent and Trademark Office speak for themselves.

24.  The allegations in paragraph 24 are denied on the ground that the records of the United States Patent and Trademark Office speak for themselves.

25.  The allegations in paragraph 25 are denied on the ground that the assignment speaks for itself.

ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

DOCSOC/1287423v1/101022-0006

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

26. The allegations in paragraph 26 are denied on the ground that the assignment speaks for itself.

27. The allegations in paragraph 27 are denied on the ground that the assignment speaks for itself.

28. The allegations in paragraph 28 are denied on the ground that the referenced assignments speak for themselves.

29. The allegations in paragraph 29 are denied on the ground that the referenced assignments speak for themselves.

30. The allegations in paragraph 30 are denied on the ground that the referenced assignments speak for themselves.

31. The allegations in paragraph 31 are denied.

32. The allegations in paragraph 32 are denied.

33. The allegations in paragraph 33 are denied.

34. The allegations in paragraph 34 are denied.

35. The allegations in paragraph 35 are denied.

36. The allegations in paragraph 36 are denied.

## COUNT 1

**(Declaratory Judgment of Noninfringement of the '809 Patent)**

37. Defendants reallege and incorporate Paragraphs 1 – 36 above.

38. Defendants admit that Plaintiff seeks a declaration from this Court that it is not liable for infringement of the '809 patent. Defendants deny, however, that Plaintiff is entitled to such relief. Except as so stated, the allegations of Paragraph 38 are denied.

39. The allegations in paragraph 39 are denied on the ground that the letter speaks for itself.

40. Defendants admit that Screentone Systems Corporation filed a patent infringement lawsuit in the Eastern District of Texas on August 8, 2007 and that the lawsuit names another Konica Minolta entity and others as defendants.

-5-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

DOCSOC/1287423v1/101022-0006

Defendants admit that the lawsuit alleges that the other Konica Minolta entity, among others, infringes the '809 patent. Except as so admitted, the allegations in paragraph 40 are denied on the ground that the complaint speaks for itself.

41. Defendants admit that Screentone Systems Corporation has alleged that the other Konica Minolta entity, among others, infringes the '809 patent and that such infringement is willful. Except as so admitted, the allegations in paragraph 41 are denied on the ground that the complaint speaks for itself.

42. The allegations in paragraph 42 are denied.

43. Defendants admit that there is an actual controversy between Plaintiff and Defendants concerning Plaintiff's infringement of the '809 patent. Except as admitted, the allegations in paragraph 43 are denied.

44. Defendants admit that Snypp and Acacia are prior assignees of the '809 patent. Except as so admitted, the allegations in paragraph 44 are denied on the ground that the assignments speak for themselves.

45. Defendants admit that there is an actual controversy between the parties concerning Plaintiff's infringement of the '809 patent. Except as so admitted, the allegations in paragraph 45 are denied.

46. The allegations in paragraph 46 are denied.

47. Defendants admit that Plaintiff seeks a declaration from this Court. Defendants deny, however, that Plaintiff is entitled to such relief. Except as so stated, the allegations in paragraph 47 are denied.

## COUNT 2

### (Declaratory Judgment of Invalidity of the '809 Patent)

48. Defendants reallege and incorporate Paragraphs 1 – 47 above.

49. Defendants admit that Plaintiff seeks a declaration from this Court that the '809 patent is invalid. Defendants deny, however, that Plaintiff is entitled to such relief. Except as so stated, the allegations in paragraph 49 are denied.

50. The allegations in paragraph 50 are denied.

51.   Defendants admit that there is an actual controversy between Plaintiff and Defendants concerning whether the claims of the '809 patent are valid. Except as so admitted, the allegations in paragraph 51 are denied.

52.   Defendants admit that Plaintiff seeks a declaration from this Court. Defendants deny, however, that Plaintiff is entitled to such relief. Except as so stated, the allegations in paragraph 52 are denied.

## COUNT 3

**(Declaratory Judgment That Defendants Do Not Hold Valid Title To The '809 Patent and Have No Right to Sue for Infringement of the '809 Patent)**

53.   Defendants reallege and incorporate Paragraphs 1 – 52 above.

54.   Defendants admit that Plaintiff seeks a declaration from this Court that Defendants do not hold valid title or interest in the '809 patent. Defendants deny, however, that Plaintiff is entitled to such relief. Except as so stated, the allegations in paragraph 59 are denied.

55.   Defendants admit that Screentone Systems Corporation is the assignee and owner of all right, title and interest in the '809 patent. Except as so admitted, the allegations in paragraph 45 are denied on the ground that the Texas complaint speaks for itself.

56.   The allegations in paragraph 56 are denied on the ground that the alleged letter speaks for itself.

57.   Defendants lack sufficient information to admit or deny the allegations in paragraph 57.

58.   Defendants admit that Snypp was the owner of the '809 patent when he assigned his rights to Acacia Patent. Except as so admitted, the allegations in paragraph 58 are denied on the ground that the alleged assignment speaks for itself.

59.   The allegations in paragraph 59 are denied on the ground that the records of the United States Patent and Trademark Office speak for themselves.

1   60.   Defendants admit that Acacia Patent was the owner of the '809 patent when it assigned its rights to Screentone. Except as so admitted, the allegations in paragraph 60 are denied on the ground that the alleged assignment speaks for itself.

61.   The allegations in paragraph 61 are denied.

62.   The allegations in paragraph 62 are denied.

63.   Defendants admit that there is an actual controversy between Plaintiff and Defendants concerning Plaintiff's infringement of the '809 patent. Except as so admitted, the allegations in paragraph 63 are denied.

64.   Defendants admit that Plaintiff seeks a declaration from this Court. Defendants deny, however, that Plaintiff is entitled to such relief. Except as so stated, the allegations in paragraph 64 are denied.

## RELIEF REQUESTED

Although no answer is required to Plaintiff's requested relief, Defendants deny all allegations of subparagraphs (A) through (F) and further deny that any relief should be granted to Plaintiff.

## AFFIRMATIVE DEFENSES

1.   Plaintiff has failed to state claims upon which relief may be granted.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

a.   That Plaintiff take nothing by its Complaint and that the Complaint be dismissed with prejudice and judgment entered in Defendants' favor;

b.   That Defendants be awarded their reasonable attorneys' fees pursuant to 35 U.S.C. § 285 in that this is an exceptional case;

c.   That Defendants be awarded costs of suit herein; and

d.   That Defendants be awarded such other and further relief as this Court deems just and proper.

# COUNTERCLAIM

Counter-Plaintiff SCREENTONE SYSTEMS CORPORATION ("Counter-Plaintiff") files this Counterclaim against KONICA MINOLTA BUSINESS SOLUTIONS U.S.A., INC. ("KMBS"), alleging as follows:

## I. THE PARTIES

1. Counter-Plaintiff is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Newport Beach, CA.

2. Upon information and belief, KMBS is a corporation organized and existing under the laws of the State of New York, with a principal place of business in Ramsey, New Jersey.

## II. JURISDICTION AND VENUE

3. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject matter jurisdiction of the action under Title 28 U.S.C. §1331 and §1338(a).

4. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

## III. PATENT INFRINGEMENT

5. On November 24, 1992, United States Patent No. 5,166,809 (the "809 patent") was duly and legally issued for an "Apparatus and Methods for Digital Halftoning."

6. Plaintiff is the owner of the '809 patent with the exclusive right to enforce it against infringers and collect damages for all relevant times, including the right to prosecute this action.

7. Upon information and belief, Defendant manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells, and/or offers for sale products and/or systems that infringe one or more claims in the '809 patent; and/or induces and/or contributes to the infringements of one or more of the

-9-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT
DOCSOC/1287423v1/101022-0006

claims in the '809 patent by others. Defendant's acts of infringement generally involve its manufacture, use, and sale of printer and other imaging products which operate to reproduce images by the claimed digital halftoning techniques.

8. Plaintiff has been damaged as a result of Defendant's infringing conduct. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates it for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. ' 284.

9. Defendant was notified in writing in March 2006 of its infringing conduct. Defendant has knowingly and willfully infringed the '809 patent since at least the time of this notice.

## IV.  JURY DEMAND

Plaintiff hereby requests a trial of this counterclaim by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## V.  PRAYER FOR RELIEF

Plaintiff requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of United States Patent No. 5,166,809 have been infringed, either literally and/or under the doctrine of equivalents, by Defendant and/or by others to whose infringements Defendant has contributed and/or by others whose infringements have been induced by Defendant;

b. Judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

c. That Defendant's infringements be found to be willful from the time that Defendant became aware of the infringing nature of its respective products and

Stradling Yocca
Carlson & Rauth
Lawyers
Newport Beach

-10-

ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

DOCSOC/1287423v1/101022-0006

1 services, and that the Court award treble damages for the period of such willful
2 infringement pursuant to 35 U.S.C. § 284;
3     d.    That Plaintiff be granted pre judgment and post judgment interest on
4 the damages caused by Defendant's infringing activities and other conduct
5 complained of herein;
6     e.    That the Court declare this an exceptional case and award Plaintiff its
7 reasonable attorneys' fees and costs in accordance with 35 U.S.C. ' 285; and
8     f.    That Plaintiff be granted such other and further relief as the Court may
9 deem just and proper under the circumstances.

DATED: June _11, 2008

NELSON BUMGARDNER CASTO, P.C.
FRIEDMAN SUDER & COOKE
STRADLING YOCCA CARLSON & RAUTH

By: /s/
Jan P. Weir, SBN 106652
Attorneys for Defendants
SCREENTONE SYSTEMS
CORPORATION, ACACIA PATENT
ACQUISITION CORPORATION,
ACACIA RESEARCH CORPORATION,
and PAUL S. SNYPP

## DEMAND FOR JURY TRIAL

Defendants Screentone Systems Corporation, Acacia Patent Acquisition Corporation, Acacia Research Corporation, and Paul S. Snypp demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: June _11, 2008

NELSON BUMGARDNER CASTO, P.C.
FRIEDMAN SUDER & COOKE
STRADLING YOCCA CARLSON & RAUTH

By: /s/
Jan P. Weir, SBN 106652
Attorneys for Defendants
SCREENTONE SYSTEMS
CORPORATION, ACACIA PATENT
ACQUISITION CORPORATION,
ACACIA RESEARCH CORPORATION,
and PAUL S. SNYPP

# PROOF OF SERVICE

STATE OF CALIFORNIA )
COUNTY OF ORANGE )

I am employed by Stradling Yocca Carlson & Rauth in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 660 Newport Center Drive, Suite 1600, Newport Beach, CA 92660-6422.

On **June 11, 2008**, I served the within documents entitled:

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO KONICA MINOLTA BUSINESS SOLUTIONS U.S.A., INC.'S COMPLAINT; DEMAND FOR JURY TRIAL**

| | |
|---|---|
| √ | **by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Newport Beach, California addressed as set forth below.** |
| | by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below. |
| | by placing the document(s) listed above in a sealed FEDERAL EXPRESS package for overnight delivery at Newport Beach, California addressed as set forth below. |
| | I certify that on _____, I caused the document(s) listed above to be served via electronic mail to the person(s) at the address(es) set forth below. |

SEE ATTACHED LIST

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **June 11, 2008**, at Newport Beach, California.

_____
Bethany A. Miles

DOCSOC/1287520v1/019999-0000

| | |
|---|---|
| 1 | ***Konica Minolta Business Solutions v. Screentone Stytems, et al.*** |
| 2 | USDC Case No. 8:08-cv-00407-CJC (AN) |
| 3 | Thomas C. Grimm |
| 4 | MORRIS, NICHOLS, ARSHT & TUNNELL<br>1201 North Market Street |
| 5 | P.O. Box 1347<br>Wilmington, DE  19899 |
| 6 | (302) 658-9200<br>Email: tcgefiling@mnat.com |
| 7 | Attorneys for Plaintiff **Konica Minolta Business Soltuions USA Inc.** |

-2-